quires, that all moneys received by the officers of the court, shall be immediately deposited in the Branch Bank to the credit of the court. These steps may have been taken here, but we can only judge of what exists, from what appears. From the evidence adduced in this case, the money was made in 1826–7, and no return is made in court, by the marshal, until 1830.—*Ingersol's Digest, ed.* 1825, 127–566.

As the plaintiff's, therefore, have not shewn they paid to a person authorized to receive the money on behalf of the government of the United States, they have not established a right of action against the defendant.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed; and it is further ordered and decreed, that there be judgment against the plaintiffs, as in case of nonsuit, with costs in both courts.

---

### *ROTHSCHILD ET AL. vs. BOWERS.*

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

This case presents the same point with that of the same plaintiff *vs.* Ramsay, and must receive the same decision.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be annulled, avoided and reversed. And, it is further ordered, adjudged, and decreed, that there be judgment for the defendant as in case of nonsuit, with costs in both courts.

---

### *ROTHSCHILD ET AL vs. COX.*

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

This case is in all respects similar to that just decided between the same plaintiffs and that of Ramsay, and must receive a similar decision.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided, and re-

H 2

Eastern District, March 1831.

ROTHSCHILD ET AL. *vs.* COX.

versed. And it is further ordered, adjudged and decreed, that there be judgment for the defendant as in case of nonsuit, with costs in both courts.

***

## MEAD ET AL. *vs.* BUCKNER.

### APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The master of a steamboat, who contracts for repairs, is personally bound. The parties contracting with him have a double remedy: they may sue him, or sue the owners on a contract made with their agent.

Where the evidence is contradictory, but preponderates in favor of the party for whom the jury find, the supreme court will not interfere with their verdict.

It is not necessary to file an answer to a plea in reconvention.

The principle that reconvention on reconvention cannot be permitted was firmly settled by our ancient laws, and the Code of Practice neither contemplates nor provides for such a mode of proceeding. But the party must object to its being filed at the time it is offered.

The circumstance of the jury finding three hundred dollars damages, when only two hundred were claimed, furnishes no ground for setting aside their verdict—and for the excess, the attorney had a right to enter a *remititur*.

The facts are fully stated in the opinion of the court, delivered by

### Porter, J.

This action was instituted on an unliquidated demand, for work and labour done. The defendant was arrested and held to bail. He denied all the allegations in the petition, except that he was part owner of the steamboat on which the plaintiffs had worked. And he further set up a demand in reconvention, for damages sustained by the plaintiffs, not having executed the repairs on the boat, within the time stipulated in the contract, and for having made them in so unskilful and defective a manner, that great injury was sustained by himself and the other proprietors of the steamboat. To this demand, in reconvention, the defendant annexed an affidavit of the truth of the facts therein set